# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 20-50569 (AMK) |
| Mia Simmons | ) | Chapter 7 |
| Debtor | ) | Judge Alan M. Koschik |
| Andrew R. Vara<br>United States Trustee | ) | |
| Plaintiff | ) | Adv. Proceeding No. |
| vs. | ) | |
| Mia Simmons | ) | |
| Defendant | ) | |

## COMPLAINT OBJECTING TO DISCHARGE

Andrew R. Vara, United States Trustee for Region 9, ("United States Trustee" or "Plaintiff") by and through his undersigned counsel, brings this action pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4) requesting the Court to deny the discharge of Mia Simmons. In support, the United States Trustee represents as follows:

### I. Jurisdiction and Venue

1. This adversary proceeding is brought pursuant to 11 U.S.C. § 727 and Rule 7001 of the Federal Rules of Bankruptcy Procedure to deny the Debtor his discharge. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is mandated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 et seq.  The United States Trustee has standing to be heard pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

3. Federal Rules of Bankruptcy Procedure 4004(a) states that a complaint objecting to a debtor's discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors."  Federal Rules of Bankruptcy Procedure 7007(b) states the court may extend the time for filing a complaint objecting to discharge.  This Court entered an Order extending the time for filing a motion to dismiss or a complaint objecting to discharge until September 19, 2020.  Therefore, the filing of this complaint is timely.

## II.  Facts

4. Mia Simmons ("Debtor" and/or "Defendant") filed a voluntary bankruptcy petition in the Northern District of Ohio on March 11, 2020 seeking to discharge her debts under chapter 7 of Title 11.

5. The United States Trustee appointed Julie K. Zurn ("Trustee") to serve as the chapter 7 trustee.  As such, the Trustee is an officer of the estate charged with custody of property under this title.  The Trustee conducted an examination of the Defendant at the first meeting of creditors on May 5, 2020 ("Initial Meeting") and the meeting was continued to May 19, 2020 ("May 19 Meeting").  The meeting was continued several times and is currently scheduled to be held again on October 20, 2020.

*Schedules*

6. On March 11, 2020, along with the bankruptcy petition, Defendant filed schedules of debts and liabilities ("Schedules"), which were signed under penalty of perjury.  Doc. No. 1.  On

March 11, 2020, Defendant also filed a *Statement of Financial Affairs* ("SOFA"), which was signed under penalty of perjury. Doc. No. 1.

7. On March 11, 2020, Defendant filed a *Declaration re: Electronic Filing of Documents and Statement of Social Security Number* ("ECF Declaration"). Doc. No. 3. The ECF Declaration was signed on March 11, 2020. In signing the ECF Declaration, Defendant swore that the information provided in the electronically filed petition, statements, and schedules, as well as in any other documents that must contain original signatures, was true, correct and complete.

8. In *Schedule A/B: Property* ("Schedule A/B"), Defendant lists an no interest in real property and an interest in personal property totaling $49,407.98. The personal property includes a 2013 BMW X5; a 2016 Lincoln MKZ; household goods and furnishings; clothing; jewelry; cash; an account at Chase bank with a balance of $12.00; an account at U.S. Bank with a balance of $471.00; a retirement account at STRS with a balance of $1,000; and a Tripla AAA term life insurance policy.

9. In *Schedule D*: *Creditors Who Have Claims Secured by Property*, Defendant lists secured debt of $29,353.00 for a loan on a Lincoln MKZ and $19,372.17 for a loan on a BMW X5.

10. In *Schedule E/F: Creditors Who Have Unsecured Claims*, Defendant lists total unsecured debt of $328,998.23 which includes priority unsecured debt totaling $7,200.00 and nonpriority unsecured debt totaling $321,798.23.

11. In *Schedule I: Your Income*, Defendant stated she is an instructor at the University of Akron, Lakewood College, and University of Cumberlands. Defendant lists gross wages from of $2,400 from the University of Akron; $800 from Lakeland College; and $900 form University of

Cumberlands which annualizes to $49,200. Defendant did not indicate that she expected an increase or decrease within the year after filing her petition.

12. In *Schedule J: Your Expenses*, Defendant lists no dependents. Defendant lists monthly expenses totaling $3,543.00.

*Statement of Financial Affairs*

13. In Defendant's *Statement of Financial Affairs* ("SOFA"), Defendant indicated that she is not married and has lived in the same location for the three years prior to filing her petition.

14. In response to question 4 on the SOFA, which asks if the debtor received any income from employment or from operating a business during this year or the two calendar years before the filing, Defendant answered "no."

15. In response to question 18 on the SOFA, which asks if within two years before the filing, "did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of business and financial affairs," Defendant answered "no."

16. In response to question 20 on the SOFA, which asks if any financial accounts or instruments held in her name or for her benefit were closed, sold, moved, or transferred within the year before filing, Defendant answered "no."

17. In response to question 23 on the SOFA, which asks if Defendant held or controlled any property that someone else owned, Defendant answered "no."

*341 Meeting*

18. At the Initial Meeting conducted by the Trustee, Defendant testified, under oath, that the information in the Schedules and SOFA was complete and accurate and that she reviewed the documents prior to filing.

19. At the Initial Meeting, Defendant testified that she was employed by the University of Akron, Lakewood College, and University of Cumberlands as a professor at the time she filed for bankruptcy and that she did not have any other source of income at the time of the filing. Defendant testified at the Initial Meeting that although she was employed by Rockwell Automation in 2019, she was not presently employed by Rockwell Automation and had stopped working for Rockwell Automation in January of 2020 and at that time her salary was $100,000 per year. Defendant testified at both the Initial Meeting and May 19 Meetings that the last paycheck she received from Rockwell Automation was in January of 2020. Defendant testified at the Initial Meeting that she did not have any severance from Rockwell Automation and that the loss of her job was the reason she filed her petition.

20. At both the Initial Meeting and May 19 Meeting, Defendant testified she did not own any interest in real estate nor had she ever owned any interest in real estate. When asked about the property located at 22094 Marberry Commons, Bedford Heights, Ohio ("the Marberry property") at the Initial Meeting, Defendant testified she did not own that property. When asked who is the landlord, Defendant testified the landlord just changed names, that she did not recall the name, and it was a private group that lived in Shaker Heights.

21. At the May 19 Meeting, Defendant testified she lived at the Marberry property for nine years, her parents were the landlord, and the entire time she resided at the Marberry property, her parents owned the property. However, after the Trustee referenced the public record showing Defendant was the owner of the Marberry property, Defendant then stated that the Marberry property was purchased in her name and that the deed was in her name. Defendant asserted that the property was in her name because her parents did not live in Ohio. Defendant

further testified that she sold the property in 2019 with her parents' permission. The Marberry property was sold in December, 2019 and at closing, Defendant received proceeds of $37,220.96.

22. At both the Initial Meeting and May 19 Meeting, Defendant testified that she had two bank accounts—one at Chase Bank and one at U.S. Bank. Defendant provided a bank statement for a Chase Bank account ending in 7259 and a bank statement for a U.S. Bank account ending in 6297. Defendant testified at both the Initial Meeting and May 19 Meetings that she had not closed any bank accounts within the year prior to filing her petition. Defendant testified at the May 19 Meeting that she paid rent to her parents by direct deposit out of her paycheck directly into her parents' bank account.

23. The United States Trustee sent multiple document requests to Defendant requesting, among other items, pay advices, bank statements and check book registers, documentation related to the sale of any real estate, and documentation related to Defendant's expenses. To date, many of these documents have not been provided.

24. At some point after the filing, the United States Trustee learned that Defendant was, in fact, employed by Rockwell Automation at the time of the filing and continued to be employed there through at least July, 2020. Defendant was earning approximately $8,600 per month from this employment. This information was not listed in Defendant's Schedules or SOFA and was not provided to the Trustee. Moreover, at both the Initial Meeting and the May 19 Meeting Defendant denied she was employed by Rockwell Automation.

### III. Complaint Objecting to Discharge
### Count 1—11 U.S.C. § 727(a)(2) Concealment of Asset (Real Estate)

25. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

26. 11 U.S.C. § 727(a)(2)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor, with intent to hinder, delay or defraud a creditor or officer of the estate has transferred, removed, destroyed or concealed property of the estate.

27. The United States Trustee alleges that Defendant had an interest in the Marberry property, that Defendant sold the property in December, 2019 and that Defendant received proceeds of over $37,000 from the sale of the property. Defendant failed to disclose the sale and transfer of the Marberry property in her SOFA.

28. Defendant knowingly and fraudulently concealed or omitted the transfer of this property from her bankruptcy filing with intent to hinder, delay or defraud a creditor or officer of the estate.

29. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(2) the Court shall not grant the Defendant a chapter 7 discharge.

**Count 2—11 U.S.C. § 727(a)(2) Concealment of Asset (Income)**

30. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

31. 11 U.S.C. § 727(a)(2)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor, with intent to hinder, delay or defraud a creditor or officer of the estate has transferred, removed, destroyed or concealed property of the estate.

32. Documentation provided to the United States Trustee indicates that Defendant was working for Rockwell Automation at the time of the filing of her bankruptcy case and through at least July of 2020. The United States Trustee alleges that the Defendant concealed her income when she testified at the Initial Meeting and at the May 19 Meeting that she stopped working for Rockwell Automation in or around January of 2020.

33. Defendant knowingly and fraudulently concealed or omitted her income from Rockwell Automation in her Schedules and SOFA and from officers of the estate with intent to hinder, delay or defraud a creditor or officer of the estate.

34. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(2) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 3—11 U.S.C. § 727(a)(2) Concealment of Asset (Bank Accounts)

35. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

36. 11 U.S.C. § 727(a)(2)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor, with intent to hinder, delay or defraud a creditor or officer of the estate has transferred, removed, destroyed or concealed property of the estate.

37. Documentation provided to the United States Trustee indicates Defendant had additional bank accounts that she did not disclose, including three accounts that were in use at the time she filed her petition (accounts ending in 5930, 2631, and 1146). The United States Trustee alleges the Defendant concealed these accounts by failing to disclose them in her Schedules and SOFA.

38. Defendant knowingly and fraudulently concealed multiple bank accounts with intent to hinder, delay or defraud a creditor or officer of the estate.

39. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(2) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 4—11 U.S.C. § 727(a)(4) Failure to Provide Records

40. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

41. 11 U.S.C. § 727(a)(4) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly or fraudulently, in connection with the case withheld from an officer of the estate recorded information, including books, documents, records and papers relating to debtor's property or financial affairs.

42. On multiple occasions, document requests were sent to Defendant and those documents were not provided. The documents requested include, but are not limited to, pay advices, bank statements and check book registers, documentation related to the sale of any real estate, and documentation related to Defendant's expenses. The United States Trustee alleges that Defendant failed to provide the United States Trustee with recorded information, including books, documents, records and papers relating to debtor's property and financial affairs.

43. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(4) the Court shall not grant the Defendant a chapter 7 discharge.

**Count 5—11 U.S.C. § 727(a)(4) False Oath (Real Estate)**

44. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

45. 11 U.S.C. § 727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

46. In response to question 18 on the SOFA, Defendant indicated that she did not "sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of business or financial affairs." The United States Trustee alleges Defendant knowingly and fraudulently made a false oath in her SOFA by failing to disclose the transfer of

real estate located at 22094 Marberry Commons and the receipt of over $37,000 from the sale of the real estate.

47. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(4) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 6—11 U.S.C. § 727(a)(4) False Oath (Income)

48. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

49. 11 U.S.C. §727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

50. Documents provided to the United States Trustee demonstrate that Defendant was employed by Rockwell Automation at the time of the filing and after the filing and received income from Rockwell Automation in March of 2020 and continued to be an employee of Rockwell Automation through at least July of 2020. The United States Trustee alleges Defendant knowingly and fraudulently made false oaths in her Schedules by failing to disclose accurate current monthly income on Form 122A-1, failing to disclose accurate income on Schedule I, and failing to disclose income in response to SOFA question 4 regarding income earned from January 2020 through March 11, 2020.

51. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(4) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 7—11 U.S.C. § 727(a)(4) False Oath (Bank Accounts)

52. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

53. 11 U.S.C. § 727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

54. Documentation provided to the United States Trustee indicates that Defendant had three additional bank accounts that she failed to disclose. The United States Trustee alleges Defendant knowingly and fraudulently made a false oath in her Schedules and at both 341 meetings by failing to disclose all of her bank accounts.

55. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(4) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 8—11 U.S.C. § 727(a)(4) False Oath (ECF Declaration)

56. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

57. 11 U.S.C. § 727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

58. Defendant did not include accurate information in the Schedules and SOFA filed with the Court. The United States Trustee alleges Defendant knowingly and fraudulently made a false oath on the ECF Declaration by declaring under penalty of perjury that the information provided in the petition, statements and schedules, and any other documents was true and accurate.

59. The United States Trustee alleges that pursuant to 11 U.S.C. § 727(a)(4) the Court shall not grant the Defendant a chapter 7 discharge.

**WHEREFORE**, the United States Trustee respectfully asks this Court to deny the Defendant's chapter 7 discharge under 11 U.S.C. § 727(a)(2) and/or (a)(4).

                Respectfully submitted,
                Andrew R. Vara
                United States Trustee, Region 9

by:   */s/ Maria D. Giannirakis*
       Maria D. Giannirakis (#0038220)
       Assistant United States Trustee
       Office of the United States Trustee
       201 Superior Avenue East
       Suite 441
       Cleveland, Ohio 44114
       Phone (216) 522-7800 ext. 222
       Fax (216) 522-7193
       Email: maria.d.giannirakis@usdoj.gov